IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WOODBURCK NOE, #148475, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:14-CV-1233-WKW |
| | ) [WO] |
| | ) |
| ALABAMA SUPREME COURT, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a Petition for Writ of Mandamus filed by Woodburck Noe ["Noe"], an indigent state inmate and frequent litigant before this court, directed to compel action by the Alabama Supreme Court.[1]  In this petition, Noe requests an order from this court directing the state courts to reverse adverse actions taken in a civil

---

[1] Although the general writ of mandamus was abolished by Rule 81(b), *Federal Rules of Civil Procedure*, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  Actions in the nature of mandamus are allowed by 28 U.S.C. § 1361, which states that:  "The district courts shall have original jurisdiction of any civil action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  "\While the law is well settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal courts are without jurisdiction to issue writs compelling action by state courts and/or state officials in the performance of their duties where mandamus is the relief sought.  *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).  Thus, this court has no mandamus jurisdiction over state officials or state courts and, hence, regardless of Noe's *in forma pauperis* status, lacks authority to compel the action Noe requests.

action he sought to file in the Circuit Court of Pike County, Alabama.

## II. DISCUSSION

Under the provisions of 28 U.S.C. § 1914(a), the filing fee applicable to this civil action is $350.00. Upon initiation of this case, Noe filed a request for leave to proceed without prepayment of fees or costs pursuant to the directives of 28 U.S.C. § 1915(a). *Doc. No. 2 - Request and Affidavit for In Forma Pauperis Status*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action *in forma pauperis* and requires payment of the requisite filing fee upon initiation of the suit if the inmate "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious danger of serious physical injury."[2]

The records of this court establish that Noe, while incarcerated, has on at least seven occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

provisions of 28 U.S.C. § 1915.  The cases on which the court relies in finding a violation of the directives of § 1915(g) by Noe are as follows:  (1) *Noe v. McGraw*, Civil Action No. 2:95-CV-1195-MHT (M. D. Ala. 1995), (2) *Noe v. James*, Civil Action No. 2:94-CV-928-MHT (M.D. Ala. 1994), (3) *Noe v. Hunt, et al.*, Civil Action No. 2:94-CV-86-WHA (M.D. Ala. 1994), (4) *Noe v. Boyd, et al.*, Civil Action No. 2:92-CV-1350-WHA (M.D. Ala. 1992), (5) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-977-ID (M.D. Ala. 1992), (6) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-711-TMH (M.D. Ala. 1992), and (7) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-565-TMH (M.D. Ala. 1992).[3]

In the instant civil action, Noe complains that the state courts refused to grant him relief with respect to documents submitted to the Pike County Circuit Court in which he sought either reconsideration of his status as an adult offender or release from incarceration and denied various motions for reconsideration challenging the denial of such relief. *Petition for Writ of Mandamus - Doc. No. 1* at 1.  The allegations made the basis of the instant complaint fail to demonstrate that Noe was "under imminent danger of serious physical injury" at the time he filed this complaint as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present imminent danger to circumvent

---

[3] The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

3

application of the "three strikes" provision of 28 U.S.C. § 1915(g)).  Any potential safety concerns attendant to confinement in the prison system are purely speculative and do not constitute the requisite imminent danger.

Based on the foregoing, the court concludes that Noe's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Noe failed to pay the requisite filing fee upon the initiation of this cause of action.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for leave to proceed *in forma pauperis* filed by Woodburck Noe on December 18, 2014 (Doc. No. 2) be DENIED.

2.  This case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that **on or before February 23, 2015**, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal the factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of February, 2015.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE